UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-cv-00028-D

MARIAN SNOW,

              Plaintiff,

vs.

BROCK & SCOTT PLLC
TRUSTEE SERVICES OF CAROLINA LLC
JAMES P. BONNER
MATTHEW J. HERRLE
JEREMY B. WILKINS
THOMAS E. BROCK
GREGORY A. SCOTT
AARON B ANDERSON
STEVEN GALLAGHER
MELISSA STONE
WENDI CLAWSON
              Defendants.

**DEFENDANTS', BROCK & SCOTT
PLLC, TRUSTEE SERVICES OF
CAROLINA, LLC, MATTHEW J.
HERRLE, MELISSA STONE, AND
WENDI CLAWSON,
ANSWER TO COMPLAINT**

      **Defendants', Brock & Scott PLLC, Trustee Services of Carolina, LLC**, **Matthew J. Herrle, Melissa Stone, and Wendi Clawson** ("Defendants") by and through its undersigned counsel, hereby responds to Plaintiff's Complaint (the "Complaint") as follows:

## FOR A FIRST DEFENSE

## NATURE OF ACTION

      1.    Paragraph 1 of the Complaint does not contain any factual averments to which Defendants are required to respond, but to the extent that it does the averments are denied.

## JURISDICTION AND VENUE

      2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint.

3.      Defendants admit that they transact business in the state of North Carolina. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 3 of the Complaint.

4.      Defendants admit Plaintiff is a person but lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent Paragraph 5 does contain any averments of fact, the same are denied.

6.      Paragraph 6 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 6 does contain any averments of fact, the same are denied.

7.      Paragraph 7 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 7 does contain any averments of fact, the same are denied.

8.      Defendants admit that James P. Bonner is an attorney residing in the United States.  The remainder of paragraph 8 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 8 does contain any additional averments of fact, the same are denied.

9.      Defendants admit that Matthew J. Herrle is an attorney residing in the United States.  The remainder of paragraph 9 of the Complaint does not contain any averments of fact;

rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 9 does contain any additional averments of fact, the same are denied.

10.     Defendants admit that Jeremy B. Wilkins is an attorney residing in the United States.  The remainder of paragraph 10 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 10 does contain any additional averments of fact, the same are denied.

11.     Defendants admit that Aaron B. Anderson is an attorney residing in the United States.  The remainder of paragraph 11 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 11 does contain any additional averments of fact, the same are denied.

12.     Defendants admit that Steven Gallagher is an individual residing in the United States.  The remainder of paragraph 12 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 12 does contain any additional averments of fact, the same are denied.

13.     Defendants admit that Melissa Stone is an individual residing in the United States. The remainder of paragraph 13 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 13 does contain any additional averments of fact, the same are denied.

14.     Defendants admit that Wendi Clawson is an individual residing in the United States.  The remainder of paragraph 14 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 14 does contain any additional averments of fact, the same are denied.

15.     With regard to the allegations in Paragraph 15 of the Complaint, Defendants admit James P. Bonner is an attorney, a senior partner with Brock & Scott, PLLC, has primary responsibility to direct the firm's Foreclosure Division, and establishes certain policies for the firm.  Except as admitted, the averments contained in paragraph 15 are denied.

16.     With regard to the allegations in Paragraph 16 of the Complaint, Defendants admit Jeremy B. Wilkins is a Managing Attorney for Brock & Scott, PLLC responsible for the firm's North Carolina foreclosure operations. Except as admitted, the averments contained in paragraph 16 are denied.

17.     Defendants admit the allegations Paragraph 17 of the Complaint.

18.     Defendants admit the allegations in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations in Paragraph 19 of the Complaint.

## FACTUAL ALLEGATIONS

20.     Paragraph 20 of the Complaint does not contain any averments of facts; rather it makes legal conclusions to which defendants are not required to answer.  However, to the extent Paragraph 20 does contain any averments of facts, the same are denied.

21.     Defendants admit the allegations in Paragraph 21 of the Complaint.

22.     Defendants admit the allegations in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations in Paragraph 23 of the Complaint.

24.     Defendants admit the allegations in Paragraph 24 of the Complaint.

25.     The averments contained in paragraph 25 are unintelligible and incoherent and as such Defendants are unable to answer them.  However, to the extent paragraph 25 contains any averments of fact, the same are denied.

26.     The averments contained in paragraph 26 are unintelligible and incoherent and as such Defendants are unable to answer them.  However, to the extent paragraph 25 contains any averments of fact, the same are denied.

27.     Defendants admit the allegations of paragraph 27 of the Complaint, upon information and belief.

28.     Defendants admit the allegations of paragraph 28 of the Complaint, upon information and belief.

29.     Defendants admit the allegations of paragraph 29 of the Complaint.

30.     Defendants admit the allegations of paragraph 30 of the Complaint.

31.     The averments contained in paragraph 31 are unintelligible and incoherent and as such Defendants are unable to answer them.  However, to the extent paragraph 31 contains averments of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments.

32.     Defendants admit the allegations of paragraph 32 of the Complaint.

33.     Defendants admit the allegations of paragraph 33 of the Complaint.

34.     Defendants admit the allegations of paragraph 34 of the Complaint.

35.     Defendants admit the allegations of paragraph 35 of the Complaint.

36.     Defendants deny the allegations of paragraph 36 of the Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 37 of the Complaint.

38.     Defendants admit the allegations of paragraph 38 of the Complaint.

39. With regard to the allegations in Paragraph 39 of the Complaint, Defendants admit that Plaintiff had a telephone call with Stephen Gallagher on February 7, 2013. Defendants deny the remaining allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Defendants admit the allegations of Paragraph 41 of the Complaint.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 42 of the Complaint.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 43 of the Complaint.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 44 of the Complaint.

45. Defendants admit the allegations of paragraph 45.

46. Defendants admit the allegations of paragraph 46.

47. Defendants admit the allegations of paragraph 47.

48. Defendants admit the allegations of paragraph 48.

49. With regard to the allegations of paragraph 49, Defendants admit that they received a request for verification of debt on February 21, 2013. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 50 does contain any averments of fact, the same are denied.

6

51. With regard to Paragraph 51 of the Complaint. Defendants admit only that Defendant, Matthew J. Herrle signed a "Notice of Foreclosure sale", and that the aforementioned notice was filed by the Clerk of Court of Onslow County on February 26, 2013. Defendants deny the remaining allegations of paragraph 51 of the Complaint.

52. With regard to Paragraph 52 of the Complaint. Defendants admit only that Defendant, Matthew J. Herrle signed a "Notice of Hearing", and that the aforementioned notice was filed by the Clerk of Court of Onslow County on February 26, 2013. Defendants deny the remaining allegations of paragraph 51 of the Complaint.

53. With regard to Paragraph 53 of the Complaint, Defendants admit that Defendant Melissa Stone sent Plaintiff a reinstatement quote. The Defendants deny that Stone was attempting to collect a debt as defined by the Federal Fair Debt Collection Practices Act as alleged in Paragraph 53. The Defendants deny the remaining allegations of paragraph 53 of the Complaint.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 54 of the Complaint.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 55 of the Complaint.

56. With regard to Paragraph 56 of the Complaint, Defendants admit that Defendant Wendi Clawson sent Plaintiff a reinstatement quote. The Defendants deny that Clawson was attempting to collect a debt as defined by the Federal Fair Debt Collection Practices Act as alleged in Paragraph 56. The Defendants deny the remaining allegations of paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 50 does contain any averments of fact, the same are denied.

58.     With regard to the allegations 58 of the Complaint, Defendants admit that Defendant Trustee Services of Carolina, LLC sent Plaintiff a response to her "letter of dispute and debt validation request" and in an email dated March 4, 2013 informed Plaintiff of this fact. Defendants deny the remaining allegations of paragraph 58 of the Complaint.

59.     Defendants admit the allegations of paragraph 59 of the Complaint.

60.     With regard to Paragraph 60 of the Complaint, Defendants admit the Defendants Trustee Services of Carolina, LLC sent Plaintiff correspondence dated March 5, 2013.  The Defendants deny the remaining allegations of paragraph 60 of the Complaint.

61.     With regard to Paragraph 61 of the Complaint, Defendants admit the Defendants Trustee Services of Carolina, LLC sent Plaintiff correspondence dated March 5, 2013.  The Defendants deny the remaining allegations of paragraph 61 of the Complaint.

62.     With regard to Paragraph 62 of the Complaint, Defendants admit that Defendant Trustee Services of Carolina, LLC filed an "Amended Notice of Hearing" that was signed by Defendant Matthew J. Herrle.  The Defendants deny the remaining allegations of paragraph 62 of the Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.     Defendants admit the allegations of paragraph 65 of the Complaint.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 50 does contain any averments of fact, the same are denied.

68.     Paragraph 68 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 68 does contain any averments of fact, the same are denied.

69.     Defendants deny the allegations of paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 70 does contain any averments of fact, the same are denied.

71.     Paragraph 71 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 71 does contain any averments of fact, the same are denied.

72.     Paragraph 72 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 72 does contain any averments of fact, the same are denied.

73.     Paragraph 73 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 73 does contain any averments of fact, the same are denied.

74.     Defendants admit the allegations of paragraph 74 of the Complaint.

75. Defendants admit the allegations of paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer. However, to the extent paragraph 76 does contain any averments of fact, the same are denied.

77. Paragraph 77 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer. However, to the extent paragraph 77 does contain any averments of fact, the same are denied.

78. Paragraph 78 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer. However, to the extent paragraph 78 does contain any averments of fact, the same are denied.

79. Defendant denies the allegations of paragraph 79 of the Complaint.

80. There is no Paragraph 80 to the Complaint.

**COUNT I**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, TRUSTEE SERVICES OF CAROLINA, LLC**

81. Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 80 of the Complaint.

82. With regard to the allegations of Paragraph 82 of the Complaint, the document that Plaintiff refers to speaks for itself. Defendants deny the remaining allegations of paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer. However, to the extent paragraph 83 does contain any averments of fact, the same are denied.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Complaint including the relief requested in the WHEREFORE portion of the Complaint after paragraph 85.

**COUNT II**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, BROCK & SCOTT, PLLC**

86.     Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 85 of the Complaint.

87.     With regard to the allegations of Paragraph 87 of the Complaint, the document that Plaintiff refers to speaks for itself.  Defendants deny the remaining allegations of paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 88 does contain any averments of fact, the same are denied.

89.     Defendants deny the allegations of paragraph 89 of the Complaint.

90.     Defendants deny the allegations of paragraph 90 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 90.

**COUNT III**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, JAMES P. BONNER**

91.     Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 90 of the Complaint.

92. Defendants deny that Defendant James P. Bonner communicated with Plaintiff as indicated in paragraph 92 of the Complaint. The remaining allegations of paragraph 92 are denied.

93. Paragraph 93 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer. However, to the extent paragraph 93 does contain any averments of fact, the same are denied.

94. Defendants deny the allegations of paragraph 94 of the Complaint.

95. Defendants deny the allegations of paragraph 95 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 95.

**COUNT IV**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, MATTHEW HERRLE**

96. Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 95 of the Complaint.

97. Defendants deny that Defendant Matthew J. Herrle communicated with Plaintiff as indicated in paragraph 97 of the Complaint. The remaining allegations of paragraph 97 are denied.

98. Paragraph 98 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer. However, to the extent paragraph 98 does contain any averments of fact, the same are denied.

99. Defendants deny the allegations of paragraph 99 of the Complaint.

100. Defendants deny the allegations of paragraph 100 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 100.

**COUNT V**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, JEREMY B. WILKINS**

101.     Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 100 of the Complaint.

102.     Defendants deny that Defendant Jeremy B. Wilkins communicated with Plaintiff as indicated in paragraph 102 of the Complaint.  The remaining allegations of paragraph 102 are denied.

103.     Paragraph 103 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 103 does contain any averments of fact, the same are denied.

104.     Defendants deny the allegations of paragraph 104 of the Complaint.

105.     Defendants deny the allegations of paragraph 105 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 105.

**COUNT VI**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, THOMAS E. BROCK**

106.     Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 105 of the Complaint.

107.     Defendants deny that Defendant Thomas E. Brock communicated with Plaintiff as indicated in paragraph 107 of the Complaint.  The remaining allegations of paragraph 107 are denied.

108.    Paragraph 108 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 108 does contain any averments of fact, Defendants deny the allegations of paragraph 108 of the Complaint.

109.    Defendants deny the allegations of paragraph 109 of the Complaint.

110.    Defendants deny the allegations of paragraph 110 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 110.

**COUNT VII**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, GREGORY A. SCOTT**

111.    Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 110 of the Complaint.

112.    Defendants deny that Defendant Gregory A. Scott communicated with Plaintiff as indicated in paragraph 112 of the Complaint.  The remaining allegations of paragraph 112 are denied.

113.    Paragraph 113 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 113 does contain any averments of fact, Defendants deny the allegations of paragraph 113 of the Complaint.

114.    Defendants deny the allegations of paragraph 114 of the Complaint.

115.    Defendants deny the allegations of paragraph 115 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 115.

**COUNT VIII**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, AARON B. ANDERSON**

116.     Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 115 of the Complaint.

117.     Defendants deny that Defendant Aaron A. Anderson communicated with Plaintiff as indicated in paragraph 117 of the Complaint.  The remaining allegations of paragraph 117 are denied.

118.     Paragraph 118 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 118 does contain any averments of fact, Defendants deny the allegations of paragraph 118 of the Complaint.

119.     Defendants deny the allegations of paragraph 119 of the Complaint.

120.     Defendants deny the allegations of paragraph 120 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 120.

**COUNT IX**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, STEVEN GALLAGHER**

121.     Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 120 of the Complaint.

122.     Defendants deny that Defendant Stephen Gallagher communicated with Plaintiff as indicated in paragraph 122 of the Complaint.  The remaining allegations of paragraph 102 are denied.

15

123.     Paragraph 123 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 123 does contain any averments of fact, Defendants deny the allegations of paragraph 123 of the Complaint.

124.     Defendants deny the allegations of paragraph 124 of the Complaint.

125.     Defendants deny the allegations of paragraph 125 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 125.

### COUNT X
### VIOLATION OF 15 U.S.C. §1692
### BY DEFENDANT, MELISSA STONE

126.     Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 125 of the Complaint.

127.     Defendants deny that Defendant Mellissa Stone communicated with Plaintiff as indicated in paragraph 127 of the Complaint.  The remaining allegations of paragraph 127 are denied.

128.     Paragraph 128 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 128 does contain any averments of fact, Defendants deny the allegations of paragraph 128 of the Complaint.

129.     Defendants deny the allegations of paragraph 129 of the Complaint.

130.     Defendants deny the allegations of paragraph 130 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 130.

## COUNT XI
## VIOLATION OF 15 U.S.C. §1692
## BY DEFENDANT, WENDI CLAWSON

131.    Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 130 of the Complaint.

132.    Defendants deny that Defendant Mellissa Stone communicated with Plaintiff as indicated in paragraph 132 of the Complaint.  The remaining allegations of paragraph 127 are denied.

133.    Paragraph 133 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which Defendants are not required to answer.  However, to the extent paragraph 133 does contain any averments of fact, Defendants deny the allegations of paragraph 133 of the Complaint.

134.    Defendants deny the allegations of paragraph 134 of the Complaint.

135.    Defendants deny the allegations of paragraph 135 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 135.

## COUNT XII
## VIOLATION OF N.C. Gen. Stat. §75-1.1
## BY DEFENDANT, TRUSTEE SERVICES OF CAROLINA, LLC

136.    Defendants re-allege and incorporate by reference their defenses and responses to Paragraphs 1 through 136 of the Complaint.

137.    Paragraph 137 of the Complaint does not contain any averments of fact; rather it makes legal conclusions to which defendants are not required to answer.  However, to the extent Paragraph 5 does contain any averments of fact, the same are denied.

138.    Defendants admit the allegations of paragraph 138 of the Complaint.

17

139.     Defendants deny the allegation of paragraph 139 of the Complaint.

140.     Defendants deny the allegation of paragraph 140 of the Complaint.

141.     Defendants deny the allegation of paragraph 141 of the Complaint.

142.     Defendants deny the allegation of paragraph 142 of the Complaint.

143.     Defendants deny the allegation of paragraph 143 of the Complaint.

144.     Defendants deny the allegation of paragraph 144 of the Complaint.

145.     Defendants deny the allegations of paragraph 145 of the Complaint and the relief

requested in the WHEREFORE portion of the Complaint after paragraph 145.

**COUNT XIII**
**VIOLATION OF N.C. Gen. Stat. §75-1.1**
**BY DEFENDANT, BROCK & SCOTT, PLLC**

146.     Defendants re-allege and incorporate by reference their defenses and responses to

Paragraphs 1 through 145 of the Complaint.

147.     Paragraph 147 of the Complaint does not contain any averments of fact; rather it

makes legal conclusions to which defendants are not required to answer.  However, to the extent

Paragraph 5 does contain any averments of fact, the same are denied.

148.     Defendants admit the allegations of paragraph 148 of the Complaint.

149.     Defendants deny the allegation of paragraph 149 of the Complaint.

150.     Defendants deny the allegation of paragraph 150 of the Complaint.

151.     Defendants deny the allegation of paragraph 151 of the Complaint.

152.     Defendants deny the allegation of paragraph 152 of the Complaint.

153.     Defendants deny the allegation of paragraph 153 of the Complaint.

154.     Defendants deny the allegation of paragraph 154 of the Complaint.

155.    Defendants deny the allegations of paragraph 155 of the Complaint and the relief requested in the WHEREFORE portion of the Complaint after paragraph 155.

### FOR A SECOND DEFENSE

156.    Plaintiff's causes of action fail to state a claim upon which relief can be granted.

### FOR A THIRD DEFENSE

157.    Defendants are not liable to Plaintiff for any alleged violation of the Federal Fair Debt Collection Practices Act because any violation of the act was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FOR A FOURTH DEFENSE

158.    Plaintiff's claims are bared by the statute of limitations.

### FOR A FIFTH DEFENSE

159.    Defendants reserve the right to rely upon such affirmative defenses as the evidence may reveal during the course of discovery.

### FOR A SIXTH DEFENSE

160.    All material allegations contained in the Complaint that are not specifically admitted herein are hereby denied.

Based on the foregoing, Defendants, by counsel, request the Court to enter an Order dismissing Plaintiff's Complaint with prejudice; awarding Defendants the costs expended herein in defending against Plaintiff's allegations in the Complaint; and granting such further relief as the Court deems just and proper.

Respectfully submitted this 1st of April, 2014

**BROCK & SCOTT, PLLC**


s/Franklin L. Greene
Franklin Greene, NC Bar #37896
5121 Parkway Plaza Blvd.
Charlotte, NC 28217
704-643-0290 (Phone)
704-553-7225 (Fax)
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-cv-00028-D

MARIAN SNOW,

        Plaintiff,

    vs.

BROCK & SCOTT PLLC
TRUSTEE SERVICES OF CAROLINA LLC
JAMES P. BONNER
MATTHEW J. HERRLE
JEREMY B. WILKINS
THOMAS E. BROCK
GREGORY A. SCOTT
AARON B ANDERSON
STEVEN GALLAGHER
MELISSA STONE
WENDI CLAWSON
        Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2014 a copy of the foregoing pleading, with any and all

attachments, was filed electronically with the clerk of court via ECF and served via First-Class

Mail, postage prepaid, addressed to:

    Marian Snow
    103 Nostalgia Lane
    Zebulon, NC 27597

                        BROCK & SCOTT, PLLC
            BY:    _/s/ Franklin Greene_____
                        Franklin Greene