# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### 7:14 -cv-00028-D

| | |
|---|---|
| MARIAN SNOW ) | |
| ) | |
| Plaintiff, ) | |
| -v- ) | |
| ) | |
| BROCK & SCOTT PLLC ) | |
| TRUSTEE SERVICES OF CAROLINA LLC ) | |
| JAMES P. BONNER ) | |
| MATTHEW J. HERRLE ) | **FIRST AMENDED** |
| JEREMY B. WILKINS ) | **COMPLAINT** |
| THOMAS E. BROCK ) | |
| GREGORY A. SCOTT ) | |
| AARON B ANDERSON ) | |
| STEPHEN GALLAGHER ) | |
| MELISSA STONE ) | |
| WENDI CLAWSON ) | |
| ) | |
| Defendants. ) | |

## NATURE OF ACTION

1.  Pursuant to Fed. R. Civ. P. 15(a)(1)(B), as a matter of course, this FIRST AMENDED

COMPLAINT is hereby filed 21 days after service of a motion filed by Defendants James P.

Bonner, Jeremy B. Wilkins, Thomas E. Brock, Gregory A. Scott, Aaron B. Anderson and Stephen

Gallagher under Rule 12(b), and 21 days after service of a responsive pleading filed by

Defendants Brock & Scott PLLC, Trustee Service of Carolina, LLC, Matthew J. Herrle, Melissa

Stone and Wendi Clawson. This is an action brought pursuant to the federal Fair Debt Collection

Practices Act ("FDCPA") 15 U.S.C. §1692g(b) and the North Carolina Unfair Trade Practices

Act ("NCUTPA") N.C. Gen. Stat. §75-1.1.

## JURISDICTION AND VENUE

2.    Jurisdiction of the United States District Court for the Eastern District of North Carolina is proper under 28 U.S.C. §1331, 15 U.S.C. §1692k(d).

3.    Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in the United States District Court for the Eastern District of North Carolina is proper in that the Plaintiff resides here and the Defendant(s) transact business in this district.

## PARTIES

4.    Plaintiff, MARIAN SNOW ("Plaintiff"), also known as Marian Snow Gibbons, is a natural person and individual who at all relevant times resided in the State of North Carolina.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.    Defendant, BROCK & SCOTT PLLC, ("BROCK & SCOTT") is a person who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.    Defendant TRUSTEE SERVICES OF CAROLINA, LLC, ("TRUSTEE SVCS") is a person who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.    Defendant, JAMES P. BONNER, is an attorney residing in the United States, who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9.      Defendant MATTHEW J. HERRLE is an attorney residing in the United States, who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

10.     Defendant JEREMY B. WILKINS is an attorney residing in the United States, who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11.     Defendant AARON B. ANDERSON is an attorney residing in the United States; who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

12.     Defendant, STEPHEN GALLAGHER, is an individual residing in the United States; who is and/or was "affiliated" with Defendant, BROCK & SCOTT, and/or Defendant, TRUSTEE SVCS; and who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

13.     Defendant, MELISSA STONE, is an individual residing in the United States; who is and/or was "affiliated" with Defendant, BROCK & SCOTT, and/or Defendant, TRUSTEE SVCS; and who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

14.     Defendant, WENDI CLAWSON, is an individual residing in the United States; who is and/or was "affiliated" with Defendant, BROCK & SCOTT, and/or Defendant, TRUSTEE SVCS; and who at all relevant times was acting as a "debt collector," as defined by 15 U.S.C. §1692a(6) and engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

15.     Additionally, Defendant, JAMES P. BONNER, is an attorney who controls or controlled, or has or had direct or indirect possession of the power to direct or cause the direction of the management and policies of Defendant, BROCK & SCOTT, as the firm's website identifies him as "Senior Partner of Brock & Scott, PLLC" and that his "primary responsibility is directing the Foreclosure Division of the Firm."[1]

16.     Additionally, Defendant, JEREMY B. WILKINS, is an attorney who controls or controlled, or has or had direct or indirect possession of the power to direct or cause the direction of the management and policies of Defendant, BROCK & SCOTT, as the firm's website identifies him as the "Managing Attorney in our Foreclosure Division" and to be "responsible for general North Carolina foreclosure operations."[2]

17.     Additionally, Defendant, AARON B. ANDERSON, is an attorney who controls or controlled, or has or had direct or indirect possession of the power to direct or cause the direction of the management and policies of Defendant, TRUSTEE SVCS, as he is and/or was, at relevant times, registered with the North Carolina Secretary of State as resident agent and as manager of TRUSTEE SERVICES OF CAROLINA LLC.[3]

---

[1] https://www.brockandscott.com/attorney-profile.aspx?AttorneyId=5

[2] https://www.brockandscott.com/attorney-profile.aspx?AttorneyId=9

[3] http://www.secretary.state.nc.us/corporations/Corp.aspx?PitemId=5623050

Marian Snow v Brock & Scott PLLC, *et al*                                   Page 4  of 38

18.     Additionally, Defendant, THOMAS E. BROCK, is an attorney who controls or controlled, or has or had direct or indirect possession of the power to direct or cause the direction of the management and policies of Defendant, BROCK & SCOTT, as the firm's website identifies him as a founding partner.[4]

19.     Additionally, Defendant, GREGORY A. SCOTT, is an attorney who controls or controlled, or has or had direct or indirect possession of the power to direct or cause the direction of the management and policies of Defendant, BROCK & SCOTT, as the firm's website identifies him as a founding partner.[5]

## FACTUAL ALLEGATIONS.

20.     Plaintiff had an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

21.     At no relevant time after October 1 2012, did Plaintiff seek, acquire or contract with the person, TRUSTEE SVCS, for professional services, learned or otherwise.

22.     At no relevant time after October 1, 2012, did Plaintiff seek, acquire or contract with the person, BROCK & SCOTT, for professional services, learned or otherwise.

23.     At no relevant time after October 1, 2012, did BROCK & SCOTT render professional services, learned or otherwise, to or for the benefit of Plaintiff.[6]

24.     At no relevant time after October 1, 2012, did the person, TRUSTEE SVCS, render professional services, learned or otherwise, to or for the benefit of Plaintiff.[7]

---

[4] https://www.brockandscott.com/attorney-profile.aspx?AttorneyId=3

[5] https://www.brockandscott.com/attorney-profile.aspx?AttorneyId=4

[6] Established Case law shows an unfair and deceptive trade practice violation of N.C. G.S. 75-1.1 was perpetrated by a law firm, as the Court distinguished the nature of the legal services rendered were based upon a third party bringing suit, and not the attorney's client. *Investors Title Ins. Co. v. Herzig*, 320 N.C. 770, 360 S.E.2d 786 (1987).

25.     The person, BROCK & SCOTT, is not a learned professional, nor a member of a learned profession.

26.     The person, TRUSTEE SVCS, is not a learned professional, nor a member of a learned profession.

27.     On March 25, 2009, Plaintiff signed a promissory note and deed of trust on a home loan for the purchase of her residence, located in Onslow County, North Carolina, for which Home Finance of America was the lender.

28.     On October 1, 2012, Plaintiff failed to make the required monthly payment on her home loan due September 1, 2012, which was secured by her principal dwelling, placing her loan into default.

29.     On December 5, 2012, an individual purporting to be an "assistant secretary" of Mortgage Electronic Registration Systems, Inc., as nominee for Home Finance of America, executed a 'Corporate Assignment of Deed of Trust' assigning Plaintiff's Deed of Trust to WELLS FARGO BANK, N.A. while it was in default.

30.     Defendant, JEREMY B. WILKINS, executed a document, appointing Defendant, Trustee Services of Carolina LLC, ("TRUSTEE SVCS") as Substitute Trustee after October 1, 2012, while Plaintiff's loan was in default.

31.     Defendant(s) used any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the enforcement of security interests concerning a debt, which was in default at the time it was obtained.

---

[7] *Id.*

32.     Upon information and belief, Defendant(s) regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another[8].

33.     Upon information and good faith belief, Defendant(s) regularly initiate actions to obtain payment or liquidation of debts either by solicitation or legal proceedings.

34.     On March 7, 2003, the initial Articles of Organization for TRUSTEE SERVICES OF CAROLINA LLC were filed with the North Carolina Secretary of State by Brock, Scott & Ingersoll LLC with partner, Mark W Ingersoll, listed as the initial registered agent and with offices at 5919 Oleander Drive, Wilmington, NC  28403.

35.     On September 27, 2004, James P. Bonner, also a partner with BROCK & SCOTT PLLC, presented himself as a Member/Manager of TRUSTEE SERVICES OF CAROLINA LLC by signing as such on a document filed with the Secretary of State of North Carolina.

36.     Upon information and good faith belief, the entities or persons TRUSTEE SERVICES OF CAROLINA LLC and BROCK & SCOTT PLLC are associated and/or affiliated persons or entities and do not perform their business functions at arm's length.

37.     On February 7, 2013, Plaintiff received a written communication or initial demand letter from Defendant(s), dated February 5, 2013, which included the statement, "***THIS IS AN ATTEMPT TO COLLECT A DEBT." (Attached as "**Exhibit A**")

38.     Defendant(s)' said written communication or initial demand letter to Plaintiff of February 5, 2013, included the following statement, on the second page, at item six (6):

>     *"If you request proof of this debt or any portion thereof ... within thirty (30)*
>
>     *days from the date you receive this letter, the Fair Debt Collection Practices*

---

[8] The FDCPA's definition of the term "debt collector" includes a person "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . . another." (15 U.S.C. §1692a(6)). Black's Law Dictionary 263 (6th ed. 1990) ("To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings.")

Act _requires us to suspend our efforts_ to foreclose on your property, _even if we_

_have already initiated a foreclosure proceeding._" (emphasis added)

39.     Plaintiff, on February 7, 2013, immediately upon receipt of said communication

and demand letter, called the offices of BROCK & SCOTT PLLC, via the number listed, 910-

392-4988, spoke with STEPHEN GALLAGHER regarding the file and advised him that funds to

pay all amounts in arrears were coming to Plaintiff on February 15, 2013.

40.     In the said February 7th call, STEPHEN GALLAGHER advised Plaintiff he had

noted that funds were coming and also told Plaintiff that he was marking Plaintiff's file as

"**SUSPENDED**."

41.     Defendant, STEPHEN GALLAGHER, then instructed Plaintiff to fax a copy of

the check paid to WELLS FARGO to his attention at their offices after it had been paid.

42.     Plaintiff's received her February mortgage loan statement dated January 18, 2013,

which stated $11,515.50 as the total due for all payments in arrears and amounts due, which

included an additional fee of $63.34 for payments received after February 15, 2013.

43.     On February 19, 2013, WELLS FARGO accepted said funds from Plaintiff's

hand-delivered certified funds, in person, for the amount stated as due on Wells Fargo's current

February monthly statement, which was $11,515.50, and issued to Plaintiff a printed receipt from

Wells Fargo for payment of said $11,515.50 for her mortgage account ending in 7844.

44.     Upon receipt of said all amounts due on her mortgage loan by Wells Fargo, per

the current monthly statement sent to Plaintiff, Plaintiff was current on her loan as of February

19, 2013.

45.     On February 19, 2013, within the thirty-day period prescribed by law, Plaintiff

responded in writing to Defendant(s) and advised Defendant(s) that the debt, or any portion

thereof, was disputed, requested proof of this debt and information validating the debt.

46.     Plaintiff's said February 19, 2013 letter of dispute and request for validation
included documented evidence of Plaintiff's certified funds that had been paid to Wells Fargo for
all amounts due per the February monthly mortgage statement, a copy of which was included.

47.     Plaintiff's said February 19, 2013 letter of dispute and request for validation,
along with evidence of payments made to Wells Fargo, were delivered via facsimile that day to
Defendant(s) at 910-392-8587. (attached as "Exhibit B")

48.     On February 20, 2013, at or around 10:30am, a second time, Plaintiff sent said
letter of dispute and requested full validation of amounts owed, along with the evidence of
payments made to Wells Fargo, via facsimile to Defendant(s) to another fax number in their
offices, 910-202-0263.

49.     Said letter of dispute, request for validation and payment documentation was also
mailed to Defendant(s) in hard-copy form via United States Postal Service certified mail using
return receipt number 7012 0470 0000 1460 5504, for which notification was complete upon
receipt, which was received by Defendant(s) on February 21, 2013, as evidenced by a signed
signature card.

50.     On and after February 21, 2013, once physical receipt of Plaintiff's written notice
of dispute and request for proof of this debt, or any portion thereof, had been acknowledged,
Defendant(s) had a duty to cease collection of the debt, or any disputed portion thereof.

51.     On February 26, 2013, Defendant(s) willfully and wantonly continued to attempt
to collect a debt by filing a 'Notice of Foreclosure Sale' upon Plaintiff's property in the
GENERAL COURT OF JUSTICE SUPERIOR COURT in ONSLOW COUNTY, NORTH

CAROLINA, signed by Defendant, MATTHEW J. HERRLE, Attorney, BROCK & SCOTT, PLLC, Attorneys for Trustee Services of Carolina, LLC.

52.     On February 26, 2013, Defendant(s) willfully and wantonly continued to attempt to collect a debt by filing a 'Notice of Hearing' regarding Plaintiff's property in the GENERAL COURT OF JUSTICE SUPERIOR COURT in ONSLOW COUNTY, NORTH CAROLINA, signed by Defendant, MATTHEW J. HERRLE, Attorney, BROCK & SCOTT, PLLC, Attorneys for Trustee Services of Carolina, LLC.

53.     On February 26, 2013, Defendant(s) continued to attempt to collect a debt by sending an email to Plaintiff from MELISSA STONE, Legal Assistant-Quotes Department, of Brock & Scott PLLC, containing a subsequent reinstatement quote to borrower stating a purported amount due and payable for reinstatement of an alleged debt and contained an attachment document stating charges for Attorney/Trustee Fees and/or Foreclosure Costs allegedly due from Plaintiff.

54.     On March 2, 2013, Plaintiff mailed, via certified mail using receipt number 7012 0470 0000 1460 5481, a second notice to Defendant(s) advising they were in violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 and asking for a response to Plaintiff's initial written notice and Debt Validation Letter previously sent on February 19, 2013. (attached as "Exhibit C")

55.     Plaintiff's said second notice to Defendant(s) was sent via United States Postal Service certified mail receipt number 7012 0470 0000 0460 5481 and signed for by Defendant(s) on March 4, 2013.

56.     On March 4, 2013 Defendant(s) continued to attempt to collect a debt by sending an email to Plaintiff from WENDI CLAWSON, Client Operations Manager for BROCK &

SCOTT, PLLC, which included a second subsequent reinstatement quote and an invoice for alleged amounts due.

57. Defendant(s) email of March 4, 2013 did not validate the debt or answer Plaintiff's requests to do so, nor did it provide competent evidence Plaintiff had a contractual obligation to deal with Defendant(s).

58. Defendant(s) email of March 4, 2013, alleged that Defendant(s) had mailed a response to Plaintiff's letter of dispute and debt validation request, but Plaintiff has never received any mail response to her letter of dispute and debt validation request.

59. On March 4, 2013, Plaintiff responded to Defendant(s) in writing via email, disputing the invoice of March 4, 2013 that Defendant(s) had sent to Plaintiff and, for a third time, demanded validation of amounts listed as alleged due.

60. On March 6, 2013, Plaintiff sent a 2nd REQUEST FOR VALIDATION OF ALLEGED DEBT letter to Defendants via certified mail, return receipt # 7012 0470 0000 1460 5498. (attached as "Exhibit D")

61. Defendant(s) willfully and wantonly continued to attempt to collect a debt when on March 6, 2013, Defendant Matthew J. Herrle executed an "Amended Notice of Hearing" to be filed with the Clerk of Court for Onslow County.

62. On March 7, 2013, Defendant(s) willfully and wantonly continued to attempt to collect a debt by filing an 'Amended Notice of Hearing' with the Superior Court of Onslow County, North Carolina, signed by Defendant, MATTHEW J. HERRLE, Attorney, BROCK & SCOTT, PLLC, Attorneys for Trustee Services of Carolina, LLC.

63. On March 9, 2013, Defendant(s) willfully and wantonly continued to attempt to collect a debt by sending an agent to post a 'Notice of Foreclosure' on the Plaintiff's property,

which Plaintiff foreclosure actions would not stop until the attorney fees, legal fees and other costs and charges were paid.

64. Defendant(s) willfully and wantonly continued to attempt to collect a debt when, on March 12, 2013, Defendants sent a copy of the March 5, 2013 letter with a copies of the "Notice of Hearing" and "Notice of Foreclosure" sale to my home address, by certified mail, using receipt #7196 9006 9296 5913 7153, mailed from Tenecula, CA 92589

65. Defendant(s) willfully and wantonly continued to attempt to collect a debt when, on March 12, 2013, Defendants, additionally, sent a copy of the March 5, 2013 letter with a copies of the "Notice of Hearing" and "Notice of Foreclosure" sale to the address of a property I own in Wilson County, NC by first class mail.

66. Defendant(s) willfully and wantonly continued to attempt to collect a debt when, on March 12, 2013, Defendants sent a copy of the March 5, 2013 letter with a copies of the "Notice of Hearing" and "Notice of Foreclosure" sale to the address of a property I own in Wilson County, NC, by certified mail, using receipt #7196 9006 9296 5913 7139 mailed from Tenecula, CA 92589.

67. Defendant(s) willfully and wantonly continued to attempt to collect a debt when, on March 12, 2013, Defendants, additionally, sent a copy of the March 5, 2013 letter with a copies of the "Notice of Hearing" and "Notice of Foreclosure" sale to the address of a property I own in Wilson County, NC by first class mail.

68. On March 13, 2013, Plaintiff hand-delivered to employee, Travis Crow, at the offices of BROCK & SCOTT PLLC in Wilmington, a cashier's check, numbered 08551390 in the amount of $2,231.66, payable to TRUSTEE SERVICES OF CAROLINA LLC, for the total amount invoiced to Plaintiff for attorney fees, legal fees, or other fees, costs or charges.

69. On March 18, 2013, Defendant(s) willfully and wantonly continued to attempt to collect a debt by sending an agent, a second time, to post an 'Amended Notice of Hearing' on Plaintiff's property.

70. At all relevant times on and after February 21, 2013, Defendant(s) had a duty to '*suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding,*' after Defendant(s) received Plaintiff's written notice requesting proof and disputing the alleged debt.

71. At all relevant times on and after February 21, 2013, Defendant(s) willfully and wantonly failed to '*suspend* [their] *efforts to foreclose on* [Plaintiff's] *property, even if* [they had] *already initiated a foreclosure proceeding.*'

72. Plaintiff is informed and believes, and upon that basis alleges that Defendant(s) did not identify Plaintiff's debt validation requests and halt foreclosure proceedings until a valid response had been provided to Plaintiff, as they were required to do by Federal statute.

73. Upon information and good faith belief, the actions of Defendant(s) were not the result of bona fide error.

74. Plaintiff is informed and believes, and upon that basis alleges that Defendant(s) willfully and wantonly did not maintain or adhere to any existing procedures reasonably adapted to avoid any such errors that resulted in violations of the FDCPA.

75. Upon information and good faith belief, Defendant(s) willfully and wantonly performed their actions with conscious and intentional disregard of and indifference to the rights and safety of others, which they knew or should know is reasonably likely to result in injury, damage, or other harm.

76. Upon information and good faith belief, it is well established that lawyers can be

debt collectors even if conducting litigation.

77. At no relevant time, did Defendant, BROCK & SCOTT, PLLC provide, or contract to provide, professional services rendered by a member of a learned profession to Plaintiff.

78. At no relevant time, did Defendant TRUSTEE SERVICES OF CAROLINA, LLC provide, or contract to provide, professional services rendered by a member of a learned profession to Plaintiff.

79. At all relevant times, Defendant, BROCK & SCOTT, PLLC was acting as a debt collector in all of its communications and actions performed in association with Plaintiff.

80. At all relevant times, Defendant TRUSTEE SERVICES OF CAROLINA, LLC was acting as a debt collector in all of its communications and actions performed in association with Plaintiff.

81. Plaintiff is informed and believes, and upon that basis alleges that TRUSTEE SERVICES OF CAROLINA LLC's actions were not incidental to a bona fide fiduciary obligation that have or may have had to WELLS FARGO or to the servicer, but to the contrary here, its foreclosure activities were central to its role as fiduciary.

82. Plaintiff is informed and believes, and upon that basis alleges that, due to the number of willful and wanton continued actions and violations after receipt of Plaintiff's notice on February 21, 2013, the preponderance of evidence clearly shows that the violations of statute were intentional and did not result from a bona fide error by the Defendant(s).

**COUNT I**
**VIOLATION OF 15 U.S.C. §1692**
**BY DEFENDANT, TRUSTEE SERVICES OF CAROLINA, LLC**

80.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

81.     Defendant's communication, itself, or by and through its affiliates or subsidiaries, to Plaintiff clearly stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been received.

82.     Defendant, TRUSTEE SERVICES OF CAROLINA LLC, had a duty to cease and desist collection of the debt or alleged debt after a written letter of dispute and request for proof of debt had been mailed and received.

83.     Defendant, TRUSTEE SERVICES OF CAROLINA LLC, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

84.     Defendant, TRUSTEE SERVICES OF CAROLINA LLC, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)     Adjudging that Defendant, TRUSTEE SERVICES OF CAROLINA LLC violated 15 U.S.C. §1692 g(B)

b)     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c)     Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

### COUNT II
### VIOLATION OF 15 U.S.C. §1692
### BY DEFENDANT, BROCK & SCOTT, PLLC

85.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

86.    Defendant(s)' communication, itself, or by and through its affiliates or subsidiaries, to Plaintiff clearly stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been received.

87.    Defendant, BROCK & SCOTT PLLC, had a duty to cease and desist collection of the debt or alleged debt after a written letter of dispute and request for proof of debt had been mailed and received.

88.    Defendant, BROCK & SCOTT PLLC, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute and had been mailed and received.

89.    Defendant, BROCK & SCOTT PLLC, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant, BROCK & SCOTT PLLC, violated 15 U.S.C. §1692 g(B);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c) Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

## COUNT III
## VIOLATION OF 15 U.S.C. §1692
## BY DEFENDANT, JAMES P. BONNER

91.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

92.     Defendant(s)' communication clearly stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been mailed and received.

93.     Defendant, JAMES P. BONNER did exercise supervisory authority within the professional limited liability company over the practice of collecting the subject alleged debt.

94.     Defendant, JAMES P. BONNER was indirectly involved in the collection of this particular alleged debt, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability

95. Defendant, JAMES P. BONNER exercised supervisory authority over the entity Brock & Scott and was intimately involved with the practices and procedures of the entity, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability.

96. Defendant, JAMES P. BONNER exercised supervisory authority over individuals employed by the entity Brock & Scott and was intimately involved with, or in the development of, the practices and procedures through which certain individuals acted, through his direct or indirect or assisted management, resulting in violations of the FDCPA.

97. Defendant, JAMES P. BONNER developed and implemented, or assisted in the development and implementation of the particular collection practice(s) involved in this case that Plaintiff alleges is in violation of the FDCPA.

98. Defendant, JAMES P. BONNER, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received, and possesses, by virtue of his position, his management authority, his oversight and direction of others with Brock & Scott, *respondeat superior* liability.

99. Defendant, JAMES P. BONNER, had a duty to cease and desist collection of the debt or alleged debt, and the power to cease and desist collection of alleged debt, after a written letter of dispute and request for proof of debt had received.

100. Defendant, JAMES P. BONNER, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

101.    Defendant, JAMES P. BONNER, failed to comply with the provision of 15

U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum

stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant, JAMES P. BONNER violated 15 U.S.C. §1692 g(B);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the
    amount of $1000.00;

c)  Awarding Plaintiff any actual damage sustained by such person as a result of such
    failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action,
    pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper,
    pursuant to 15 U.S.C. §1692k(a)2(A).

### COUNT IV
### VIOLATION OF 15 U.S.C. §1692
### BY DEFENDANT, MATTHEW HERRLE

102.    Plaintiff repeats and re-alleges each and every factual allegation contained in

paragraphs 1 -79.

103.    Defendant(s)' communication to Plaintiff clearly stated they had a duty to

"suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure

proceeding" after a written letter of dispute and request for proof of debt had been received.

104.    Defendant, MATTHEW J. HERRLE, had a duty to cease and desist collection of

the alleged debt after a written letter of dispute and request for proof of debt had been received.

105.     Defendant, MATTHEW J. HERRLE, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

106.     Defendant, MATTHEW J. HERRLE, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant, MATTHEW J. HERRLE, violated 15 U.S.C. §1692 g(B);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c)    Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e)    Awarding pre-judgment and post-judgment interest as permissible by law; and

f)    Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

## COUNT V
## VIOLATION OF 15 U.S.C. §1692
## BY DEFENDANT, JEREMY B. WILKINS

107.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

108.   Defendant(s)' communication to Plaintiff stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been mailed and received.

109.   Defendant, JEREMY B. WILKINS did exercise supervisory authority within the professional limited liability company over the practice of collecting the subject alleged debt.

110.   Defendant, JEREMY B. WILKINS was indirectly involved in the collection of this particular alleged debt, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability.

111.   Defendant, JEREMY B. WILKINS exercised supervisory authority over some aspects of Brock & Scott and was intimately involved with the practices and procedures of the entity, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability.

112.   Defendant, JEREMY B. WILKINS exercised supervisory authority over individuals employed by the entity Brock & Scott and was intimately involved with, or in the development of, the practices and procedures through which certain individuals acted, through his direct or indirect or assisted management, resulting in violations of the FDCPA.

113.   Defendant, JEREMY B. WILKINS developed and implemented, or assisted in the development and implementation of, the particular collection practice(s) involved in this case that Plaintiff alleges is in violation of the FDCPA.

114.   Defendant, JEREMY B. WILKINS breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability

115.    Defendant, JEREMY B. WILKINS had a duty to cease and desist collection of the debt or alleged debt, and the power to cease and desist collection of alleged debt, after a written letter of dispute and request for proof of debt had received.

116.    Defendant, JEREMY B. WILKINS breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

117.    Defendant, JEREMY B. WILKINS failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant, JEREMY B. WILKINS, violated 15 U.S.C. §1692 g(B);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c)    Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e)    Awarding pre-judgment and post-judgment interest as permissible by law; and

f)    Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

## COUNT VI
## VIOLATION OF 15 U.S.C. §1692
## BY DEFENDANT, THOMAS E. BROCK

118. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

119. Defendant(s)' communication to Plaintiff stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been mailed and received.

120. Defendant, THOMAS E. BROCK did exercise supervisory authority within the professional limited liability company over the practice of collecting the subject alleged debt.

121. Defendant, THOMAS E. BROCK, was indirectly involved in the collection of this particular alleged debt, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability.

122. Defendant, THOMAS E. BROCK, exercised supervisory authority over the entity Brock & Scott and was intimately involved with the practices and procedures of the entity, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability.

123. Defendant, THOMAS E. BROCK, exercised supervisory authority over individuals employed by the entity Brock & Scott and was intimately involved with, or in the development of, the practices and procedures through which certain individuals acted, through his direct or indirect or assisted management, resulting in violations of the FDCPA.

124. Defendant, THOMAS E. BROCK, developed and implemented, or assisted in the development and implementation of the particular collection practice(s) involved in this case that Plaintiff alleges is in violation of the FDCPA.

125. Defendant, THOMAS E. BROCK, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute

had been mailed and received, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability

126.     Defendant, THOMAS E. BROCK, had a duty to cease and desist collection of the debt or alleged debt, and the power to cease and desist collection of alleged debt, after a written letter of dispute and request for proof of debt had received.

127.     Defendant, THOMAS E. BROCK, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

128.     Defendant, THOMAS E. BROCK, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant, THOMAS E. BROCK, violated 15 U.S.C. §1692 g(B);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c)   Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

## COUNT VII
## VIOLATION OF 15 U.S.C. §1692

## BY DEFENDANT, GREGORY A. SCOTT

129.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

130.    Defendant(s)' communication to Plaintiff clearly stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been received.

131.    Defendant, GREGORY A. SCOTT, did exercise supervisory authority within the professional limited liability company over the practice of collecting the subject alleged debt.

132.    Defendant, GREGORY A. SCOTT, was indirectly involved in the collection of this particular alleged debt, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability.

133.    Defendant, GREGORY A. SCOTT, exercised supervisory authority over and within the entity Brock & Scott and was intimately involved with the practices and procedures of the entity, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability.

134.    Defendant, GREGORY A. SCOTT, exercised supervisory authority over individuals employed by the entity Brock & Scott and was intimately involved with, or in the development of, the practices and procedures through which certain individuals acted, through his direct or indirect or assisted management, resulting in violations of the FDCPA.

135.    Defendant, GREGORY A. SCOTT, developed and implemented, or assisted in the development and implementation of the particular collection practice(s) involved in this case that Plaintiff alleges is in violation of the FDCPA.

136.     Defendant, GREGORY A. SCOTT, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with Brock & Scott, *respondeat superior* liability

137.     Defendant, GREGORY A. SCOTT, had a duty to cease and desist collection of the debt or alleged debt, and the power to cease and desist collection of alleged debt, after a written letter of dispute and request for proof of debt had received.

138.     Defendant, GREGORY A. SCOTT, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

139.     Defendant, GREGORY A. SCOTT, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant, GREGORY A. SCOTT violated 15 U.S.C. §1692 g(B);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c)   Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

## COUNT VIII
### VIOLATION OF 15 U.S.C. §1692
### BY DEFENDANT, AARON B. ANDERSON

140.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

141.    Defendant(s)' communication to Plaintiff clearly stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been received.

142.    As TRUSTEE SVCS is incapable of acting independently and without the intervention of individual(s), Defendant, AARON B. ANDERSON, in his position of manager of TRUSTEE SVCS, did act directly or indirectly in the actions taken by TRUSTEE SVCS in the collecting of the subject debt.

143.    Defendant, AARON B. ANDERSON, did exercise supervisory authority within the limited liability company, TRUSTEE SVCS, over the practice of collecting the subject alleged debt.

144.    Defendant, AARON B. ANDERSON, was indirectly involved in the collection of this particular alleged debt, and possesses, by virtue of his position, his management authority, his oversight and his direction of others working with and through Trustee Services of Carolina, LLC, creating *respondeat superior* liability.

145.    Defendant, AARON B. ANDERSON, exercised supervisory authority over the entity TRUSTEE SVCS, and was intimately involved with the practices and procedures of the

entity, and possesses, by virtue of his position, his management authority, his oversight and his direction of others with TRUSTEE SVCS, *respondeat superior* liability.

146.    Defendant, AARON B. ANDERSON, exercised supervisory authority over individuals employed by the entity TRUSTEE SVCS, and was intimately involved with, or in the development of, the practices and procedures through which certain individuals acted, through his direct or indirect or assisted management, resulting in violations of the FDCPA.

147.    Defendant, AARON B. ANDERSON, developed and implemented, or assisted in the development and implementation of the particular collection practice(s) utilized by TRUSTEE SVCS, which were involved in this case and that Plaintiff alleges are in violation of the FDCPA.

148.    Defendant, AARON B. ANDERSON, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received, and possesses, by virtue of his position, his management authority, oversight and direction of others with TRUSTEE SVCS, *respondeat superior* liability

149.    Defendant, AARON B. ANDERSON, had a duty to cease and desist collection of the debt or alleged debt, and the power to cease and desist collection of alleged debt, after a written letter of dispute and request for proof of debt had received.

150.    Defendant, AARON B. ANDERSON, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

151.    Defendant, AARON B. ANDERSON, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant, AARON B. ANDERSON violated 15 U.S.C. §1692 g(B);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c) Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

### COUNT IX
### VIOLATION OF 15 U.S.C. §1692
### BY DEFENDANT, STEPHEN GALLAGHER

151. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

152. Defendant(s)' communication to Plaintiff stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been mailed and received.

153. Defendant, STEPHEN GALLAGHER, had a duty to cease and desist collection of the alleged debt after a written letter of dispute and request for proof of debt had been received.

154. Defendant, STEPHEN GALLAGHER, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

155. Defendant, STEPHEN GALLAGHER, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant, STEPHEN GALLAGHER, violated 15 U.S.C. §1692 g(B);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c) Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

## COUNT X
## VIOLATION OF 15 U.S.C. §1692
## BY DEFENDANT, MELISSA STONE

156. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

157.  Defendant(s)' communication to Plaintiff stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been mailed and received.

158.  Defendant, MELISSA STONE, had a duty to cease and desist collection of the debt or alleged debt after a written letter of dispute and request for proof of debt had been mailed and received.

159.  Defendant, MELISSA STONE, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

160.  Defendant, MELISSA STONE, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant, MELISSA STONE, violated 15 U.S.C. §1692 g(B);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c)  Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

## COUNT XI
## VIOLATION OF 15 U.S.C. §1692
## BY DEFENDANT, WENDI CLAWSON

161.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

162.    Defendant(s)' communication to Plaintiff stated they had a duty to "suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding" after a written letter of dispute and request for proof of debt had been mailed and received.

163.    Defendant, WENDI CLAWSON, had a duty to cease and desist collection of the debt or alleged debt after a written letter of dispute and request for proof of debt had been mailed and received.

164.    Defendant, WENDI CLAWSON, breached said duty and violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed and received.

165.    Defendant, WENDI CLAWSON, failed to comply with the provision of 15 U.S.C. § 1692g(b) with respect to Plaintiff and is liable to Plaintiff in an amount equal to the sum stated in 15 U.S.C. § 1692k(a)(2)(A).

**WHEREFORE,** Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant, WENDI CLAWSON, violated 15 U.S.C. §1692 g(B);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

c)  Awarding Plaintiff any actual damage sustained by such person as a result of such failure, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff recovery against the Defendants a sum to be determined by the

Court in the form of punitive damages for the willful violations of these acts and to

prevent Defendants from making non compliance with Federal and State law a profit

center;

e) Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action,

pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper,

pursuant to 15 U.S.C. §1692k(a)2(A).

### COUNT XII
### VIOLATION OF N.C. Gen. Stat. §75-1.1
### BY DEFENDANT, TRUSTEE SERVICES OF CAROLINA, LLC

166.   Plaintiff repeats and re-alleges each and every factual allegation contained in

paragraphs 1 -79.

167.   All relevant actions committed by person and Defendant, TRUSTEE SERVICES

OF CAROLINA LLC, itself, or by and through its affiliates or subsidiaries, were actions of debt

collection.

168.   Defendant, TRUSTEE SERVICES OF CAROLINA LLC, itself, or by and

through its affiliates or subsidiaries, did not render professional services of a learned professional

to Plaintiff and, at no relevant time, was Plaintiff a client of Defendant, TRUSTEE SERVICES

OF CAROLINA LLC.[9]

169.   Defendant, TRUSTEE SERVICES's actions and conduct, itself, or by and

through its affiliates or subsidiaries, had and have a deleterious effect on the consuming public.

---

[9] As Defendant did not provide legal services to Plaintiff, the learned professional exemption does not apply to Plaintiff as a third party. Also, other avenues for redress are not available to Plaintiff (such as a professional malpractice suit). Disciplinary sanctions are "ineffective for aggrieved consumers" and provide no remedies directly to Plaintiff.

170. Defendant, TRUSTEE SERVICES OF CAROLINA LLC, itself, or by and through its affiliates or subsidiaries, committed an unfair or deceptive act or practice, in or affecting commerce, when it acted as a debt collector and forced Plaintiff, under coercion and duress, to pay for amounts and charges that should have never been incurred and should not have been charged to Defendant;

171. Defendant, TRUSTEE SERVICES OF CAROLINA LLC, itself, or by and through its affiliates or subsidiaries, committed an unfair or deceptive act or practice, in or affecting commerce, when it failed to act reasonably promptly upon communication from Plaintiff and cease all debt collection actions and halt incursion of expenses upon the initial contact and response from Plaintiff;

172. Defendant, TRUSTEE SERVICES OF CAROLINA LLC, itself, or by and through its affiliates or subsidiaries, commits unfair or deceptive acts or practices, in or affecting commerce, regularly in the day-to-day course of its debt collection business, as it regularly and purposefully does such a large quantity of actions to the extent that it: 1) flagrantly disregards compliance with laws; 2) operates with conscious and intentional disregard of and indifference to the rights and safety of others; and 3) knows or should know its actions are reasonably likely to result in injury, damage, or other harm to others;

173. Defendant, TRUSTEE SERVICES OF CAROLINA LLC's actions and debt collection practices are and were unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff;

174. Defendant, TRUSTEE SERVICES OF CAROLINA LLC engaged itself, or by and through its affiliates or subsidiaries, in debt collection conduct that amounted to an inequitable assertion of its power or position when it extorted amounts from Plaintiff under

duress;

175.    Defendant, TRUSTEE SERVICES OF CAROLINA LLC's actions, itself, or by and through its affiliates or subsidiaries, caused Plaintiff to be economically injured thereby.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant, TRUSTEE SERVICES OF CAROLINA LLC, violated N.C. Gen. Stat. §75-1.1 and N.C. Gen. Stat. § 75-2;

b)    Awarding actual damages assessed in favor of Plaintiff, pursuant to N.C. Gen. Stat. §75-16.

c)    Assessing damages against the Defendant, TRUSTEE SERVICES OF CAROLINA LLC for treble the amount fixed by the verdict and awarding to Plaintiff, pursuant to N.C. Gen. Stat. §75-16.

d)    Awarding Plaintiff recovery against Defendant, TRUSTEE SERVICES OF CAROLINA LLC a sum to be determined by the Court in the form of punitive damages for the willful violations of these acts and to prevent Defendants from **making non-compliance with Federal and State law a profit center**;

e)    Awarding to Plaintiff reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and N.C. Gen. Stat. § 75-16.1;

f)    Awarding pre-judgment and post-judgment interest as permissible by law; and

g)    Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

**COUNT XIII**
**VIOLATION OF N.C. Gen. Stat. §75-1.1**
**BY DEFENDANT, BROCK & SCOTT, PLLC**

176.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 -79.

177.     All relevant actions committed by person and Defendant, BROCK & SCOTT, itself, or by and through its affiliates or subsidiaries, were actions of debt collection.

178.     Defendant, BROCK & SCOTT, itself, or by and through its affiliates or subsidiaries, did not render professional services of a learned professional to Plaintiff and, at no relevant time, was Plaintiff a client of Defendant, BROCK & SCOTT.[10]

179.     Defendant, BROCK & SCOTT's actions and conduct, itself, or by and through its affiliates or subsidiaries, had and have a deleterious effect on the consuming public.

180.     Defendant, BROCK & SCOTT, itself, or by and through its affiliates or subsidiaries, committed an unfair or deceptive act or practice, in or affecting commerce, when it acted as a debt collector and forced Plaintiff, under coercion and duress, to pay for amounts and charges that should have never been incurred and should not have been charged to Defendant;

181.     Defendant, BROCK & SCOTT, itself, or by and through its affiliates or subsidiaries, committed an unfair or deceptive act or practice, in or affecting commerce, when it failed to act reasonably promptly upon communication from Plaintiff, cease all debt collection actions and halt incursion of expenses upon the initial contact and response from Plaintiff;

182.     Defendant, BROCK & SCOTT, itself, or by and through its affiliates or subsidiaries, commits unfair or deceptive acts or practices, in or affecting commerce, regularly in the day-to-day course of its debt collection business, as it regularly and purposefully does such a large quantity of actions to the extent that it: 1) flagrantly disregards compliance with laws; 2) operates with conscious and intentional disregard of and indifference to the rights and safety of

---

[10] Id.

others; and 3) knows or should know its actions are reasonably likely to result in injury, damage, or other harm to others;

183.     Defendant, BROCK & SCOTT's actions and debt collection practices, itself, or by and through its affiliates or subsidiaries, are and were unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff;

184.     Defendant, BROCK & SCOTT, itself, or by and through its affiliates or subsidiaries, engaged in debt collection conduct that amounted to an inequitable assertion of its power or position when it extorted amounts from Plaintiff under duress;

185.     Defendant, BROCK & SCOTT's actions, itself, or by and through its affiliates or subsidiaries, caused Plaintiff to be economically injured thereby.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)     Adjudging that Defendant, BROCK & SCOTT PLLC, violated N.C. Gen. Stat. §75-1.1;

b)     Awarding actual damages assessed in favor of Plaintiff, pursuant to N.C. Gen. Stat. §75-16;

c)     Assessing damages against the Defendant, BROCK & SCOTT PLLC, for treble the amount fixed by the verdict and awarding to Plaintiff, pursuant to N.C. Gen. Stat. §75-16;

d)     Awarding Plaintiff recovery against Defendant, BROCK & SCOTT PLLC, a sum to be determined by the Court in the form of punitive damages for the willful violations of these acts and to prevent Defendants from **making non-compliance with Federal and State law a profit center**;

e) Awarding to Plaintiff of reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and N.C. Gen. Stat. § 75-16.1;

f) Awarding pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper, pursuant to 15 U.S.C. §1692k(a)2(A).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Sworn testimony in support of this action, AFFIDAVIT OF MARIAN SNOW IN SUPPORT OF FEDERAL COMPLAINT, is attached herewith.

Respectfully submitted this _____ of April 2014

MARIAN SNOW
4472 Island Drive
N Topsail Beach, NC 28460
(872) 588-9170
msnow20@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the undersigned date, the original of the foregoing was filed with the Clerk of Court and served by mail on anyone unable to accept the resulting said electronic filing by the Clerk of Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by US Postal Service mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

> Franklin Greene
> Brock & Scott, PLLC
> 5121 Parkway Plaza Blvd.
> Charlotte, NC 28217
> Ph : 704-643-0290 x1011
> Franklin.Greene@brockandscott.com
>
> *Attorney for Defendants*

This \_\_\_\_ day of _____ 2014

MARIAN SNOW
4472 Island Drive
N. Topsail Beach, NC  28460
(872) 588-9170
msnow20@gmail.com